**William F. LANDSCHOOT, Plaintiff–Appellant,**

v.

**CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, Defendant–Appellee.**

**No. 99–16825.
D.C. No. CV–98–20401–JW.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided March 30, 2001.

---

Before SCHROEDER, Chief Judge, WALLACE, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Landschoot appeals from the district court's summary judgment for Carpenters Pension Trust Fund for Northern California (Trust Fund). The district court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). We have jurisdiction of this timely filed appeal pursuant to 28 U.S.C. § 1291. We review summary judgment de novo. *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 405 (9th Cir.1997). We affirm.

Landschoot asserts that the district court should have reviewed the decision of the Board of Trustees for the Trust Fund (Board) to suspend his benefits de novo. "We review de novo a contention that the district court did not apply the proper standard of review." *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1107 (9th Cir. 2000). Landschoot's argument rests solely on the fact that one of the trustees required by the Trust Fund's pension plan (Plan) to be present at Landschoot's hearing was absent. Landschoot was, however, advised at the hearing of the absence, and Landschoot's attorney stated that he had no objection. Thus, Landschoot waived his ability to contest the absence. We will therefore apply the same standard—abuse of discretion—used by the district court in reviewing the Board's decision to suspend benefits.

"Trustees abuse their discretion if they render decisions without any explanation, or construe provisions of the plan in a way that clearly conflicts with the plain language of the plan." *Eley v. Boeing Co.*, 945 F.2d 276, 279 (9th Cir.1991) (internal quotation omitted). Plan section 10.10, as amended, governs the suspension of Landschoot's benefits. This provision also appears under the heading "Prohibited Employment" in the Retirement Declaration signed by Landschoot. These provisions require Landschoot to refrain from working more than forty hours per month (1) "in an industry in which Employees were employed and accrued benefits under the Plan as a result of such employment at the time that the payment of benefits to the Pensioner commenced ...; and (2) in a trade or craft in which the Pensioner was employed at any time under the Plan . . . ."

Landschoot argues that the Board abused its discretion because it did not consider whether he was working in a

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

"trade or craft." On the record before us, however, it is apparent that the Board determined that Landschoot's work as a furniture refinisher was in the same "trade or craft" in which he was employed under the Plan. In its letter denying Landschoot's claim, the Board stated that the denial was based on section 1.05 of the plan, "as he worked in Prohibited Employment." Although "Prohibited Employment" is not defined in the Plan, section 10.10 of the Plan was reproduced under the heading "Prohibited Employment" in the Retirement Declaration. This reference to "Prohibited Employment" demonstrates that the Board considered both whether Landschoot worked "in an industry" and "in a trade or craft" in reaching its decision.

Next, Landschoot argues that even if the Board did consider both requirements of Plan section 10.10, it abused its discretion in holding that the facts in this case warranted suspension. However, the "building and construction industry" as defined in the Plan and the "trade or craft" of journeyman carpenter are broad enough to encompass Landschoot's work as a furniture refinisher. *See Smith v. CMTA–IAM Pension Trust*, 654 F.2d 650, 658–60 (9th Cir.1981) (examining the terms "industry" and "trade or craft" as contained in 29 U.S.C. § 1053(a)(3)(B)).

Landschoot also asserts that suspension of benefits was improper because the Board did not comply with various procedural requirements of ERISA and of the Plan. The district court did not explicitly address these procedural defects in its order granting summary judgment. We may, however, affirm on any basis supported by the record. *Oregon Short Line R.R. Co. v. Dept. of Revenue Oregon*, 139 F.3d 1259, 1265 (9th Cir.1998). "Substantive remedies are available for procedural defects under ERISA only when the defects caused a substantive violation or themselves worked a substantive harm." *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1326 n. 33 (9th Cir.1992) (internal quotations omitted). We hold that Landschoot has failed to make a showing of prejudice sufficient to overcome the summary judgment.

AFFIRMED.